JEFFREY F. BARR, ESQ.
Nevada Bar No. 7269
ARMSTRONG TEASDALE LLP
7160 Rafael River Way, Suite 320
Las Vegas, NV 89113
Telephone:  (702) 678-5070
jbarr@atllp.com

Bradley Boadamer (pro hac pending)
George R. Lewis (pro hac pending)
GRAVES GARRETT LLC
1100 Main Street, Suite 2700
Kansas City, Missouri 64105
Telephone (816) 256-3181
bbodamer@gravesgarrett.com
glewis@gravesgarret.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| COMMUNITY SCHOOL INITIATIVE,<br><br>Plaintiff,<br><br>vs.<br><br>VANGUARD FIELD STRATEGIES, LLC, JEFF ROE, AXIOM LLC, GARRISON MANAGEMENT GROUP, LLC, DOES 1 Through 100, and ROE 1 through 100<br><br>Defendant. | Case No.: 23-CV-00069-APG-EJY<br><br>**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

On the third try, current Plaintiff Lex Tecnica, Ltd. ("Lex Tecnica"), as assignee of former plaintiff Community School Initiative ("CSI"), has filed a Second Amended Complaint that seeks recovery for personal non-pecuniary damages that are not assignable, and continues to assert claims against Axiom LLC ("Axiom"), over which this Court lacks personal jurisdiction.

First, to clarify and as indicated in Defendants' Motion to Dismiss CSI's First Amended Complaint, Defendants did not and do not dispute that CSI can assign its claims for breach of contract, breach of implied covenant of good faith and fair dealing, and unjust enrichment to Lex Tecnica (First, Second and Third Causes of Action) (ECF No. 18 at 4). Similarly, and as Plaintiff acknowledges (ECF

No. 32 at 7), Defendants did not dispute the assignability of Plaintiff CSI's Fourth, Fifth, Sixth, and Seventh Causes of Action (Fraudulent Inducement, Fraudulent Misrepresentation/Fraud, Negligent Misrepresentation, and Deceptive Trade Practices) seeking only pecuniary loss or economic damages (ECF No. 18 at 4). Defendants do dispute, however, that CSI's claims seeking the following "[d]amage[s] to CSI's reputation with donors, endorsers, and supporters of the initiative" (ECF No. 21, ¶ 87), damages for the years in preparatory work for the initiative, the and [sic] volunteer hours Defendants have now wasted, and the stalled political momentum CSI garnered" (ECF No. 21, ¶152), and "[p]unitive damages, including treble damages for fraud" (ECF No. 21, PRAYER FOR RELIEF) are pecuniary; therefore, these claims for non-pecuniary damages are not assignable to Lex Tecnica, and, the assignment of those claims is void *ab initio*.

Second, Lex Tecnica's Opposition has not and cannot cure this Court's lack of personal jurisdiction over Axiom. The Second Amended Complaint does not (and cannot in good faith) allege Axiom was a party to the contract, a party to the negotiations leading to the contract or responsible for Vanguard Field Strategies, LLC's ("Vanguard") performance under the contract.

## ARGUMENT AND AUTHORITIES

### I.    Plaintiff is Master of its Complaint, Not Defendants.

It is axiomatic that plaintiffs are "master[s] of [their] complaint." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000). It is CSI and Lex Tecnica who decided to assign claims, not Vanguard or Axiom (collectively "Defendants"). Defendants have responded and continue to respond to an ever-changing landscape of plaintiffs and defendants. The confusion continues as even now Lex Tecnica asks for "leave to amend . . . to add CSI back in," having earlier acknowledged CSI has never been a real party in interest. (ECF No. 32 at 10).

Defendants moved to dismiss a First Amended Complaint filed by a different plaintiff, and as explained above, Defendants' current position is not contradictory to their earlier position this Court has not ruled upon. When Plaintiff CSI initially filed this lawsuit, it could not bring claims it had assigned to Lex Tecnica, and after substituting current Plaintiff Lex Tecnica, CSI's assignee cannot bring claims seeking personal non-economic damages because such claims are not assignable.

/ / /

## II.    Reputational Injury, Volunteer Time, and Punitive Damages are Non-Economic.

Plaintiff concedes, as it must, that if it is seeking more than "simply economic or pecuniary" damages, the fraud claims are unassignable, and that the determination depends solely on "an examination of the claimed damages." (ECF No. 32 at 7).

Here, Plaintiff Lex Tecnica seeks a plethora of damages personal in nature to CSI, including "[d]amage[s] to CSI's reputation" (ECF No. 21, ¶ 87), damages for the years in preparatory work for the initiative, the and [sic] volunteer hours Defendants have now wasted, and the stalled political momentum CSI garnered" (ECF No. 21, ¶ 152), and "[p]unitive damages, including treble damages for fraud" (ECF No. 21, PRAYER FOR RELIEF).

In *Lombino v. Bank of Am., N.A.*, 797 F. Supp. 2d 1078, 1082-83 (D. Nev. 2011), this Court held "purely economic damages" do not include "damage to [a] reputation and business." (citing *Lopez v. Corral*, Nos. 51541, 51972, 2010 Nev. LEXIS 69, 2010 WL 5541115, at *4 (Nev. Dec. 20, 2010) ("the damages here were not solely for economic loss, as they include damages to Corral's reputation . . . ."). Thus, this Court has expressly rejected Plaintiff's claim that reputational damage is "purely economic." (ECF No. 32 at 9).

Reputation is "personal" in nature and reputational damages are non-economic. *See e.g., Kelly v. Fleetwood Enters.*, 377 F.3d 1034, 1039 (9th Cir. 2004) ("'Noneconomic damages' means subjective, nonmonetary losses, including but not limited to pain, mental suffering, emotional distress, humiliation, [or] ***injury to reputation***") (emphasis added); *Diaz v. Gates*, 380 F.3d 480, 485 (9th Cir. 2004) ("injury to reputation" does not qualify as "injury to business or property").

And of course, "volunteer hours" are not a "concrete expense" – they're volunteers. (ECF No. 32 at 9).

Further, the Ninth Circuit is not ambiguous: "[p]unitive damages are non-pecuniary." *Kopczynski v. The Jacqueline*, 742 F.2d 555, 561 (9th Cir. 1984). As *Riley v. Volkswagen Grp. of Am., Inc.*, noted, punitive damages are personal and "cannot be used to punish a defendant for the harms to a third party." 51 F.4th 896, 910 (9th Cir. 2022).

Because Plaintiff Lex Tecnica, as assignee, is seeking non-economic and non-pecuniary damages, Plaintiff lacks standing to assert Causes of Action Four, Five, Six, and Seven as the

1  assignment was void *ab initio*.

2  **III.    Plaintiff has Not Alleged Sufficient Facts to Establish Personal Jurisdiction over Axiom.**

3        **A.    Plaintiff has Abandoned its Alter Ego Theory.**

4        Plaintiff's Second Amended Complaint alleges Vanguard "is a subsidiary *or alter ego* of

5  Axiom," "Defendants are . . . *alter egos* of on [sic] another," and asks the Court to enter "a finding

6  that Defendants are alter egos of one another." (ECF No. 21 at ¶¶ 21, 120, and PRAYER FOR RELIEF

7  (C)) (emphasis added). Plaintiff now abandons that theory upon realization that Defendants are not in-

8  fact alter egos. (ECF No.32 at 13, 15) (admitting "[t]he 'Alter Ego Test' does not apply in this case").

9        **B.    This Court Lacks Specific Personal Jurisdiction over Axiom.**

10        Plaintiffs cannot meet the Ninth Circuit's three-part test for analyzing a claim of specific

11  personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)

12  (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).

13        **i.    Plaintiff has Not Alleged Axiom Purposefully Availed or Directed Activity**

14            **into Nevada.**

15        "A showing that a defendant purposefully availed himself of the privilege of doing business in

16  a forum state typically consists of evidence of the defendant's actions in the forum, such as executing

17  or performing a contract there." *Id.* at 802. To meet this test Plaintiff must show "defendants allegedly

18  have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that

19  the defendant knows is likely to be suffered in the forum state." *Id.*

20        Although Plaintiff points to eighteen paragraphs in an attempt to show specific jurisdiction,

21  these eighteen paragraphs can be broken into three categories of allegations; first, Axiom has a national

22  reputation; second, Vanguard was in Nevada; and third, Vanguard employees are actually Axiom

23  employees.

24        First, despite Plaintiff's references to Axiom's "national reputation," that Axiom is "nationally

25  renowned," and "the reputation of Axiom," (ECF 32 at 16) (citing ECF 21 at ¶¶ 17, 18, 27), Plaintiff's

26  Complaint does not allege Axiom ever operated in Nevada.

27        Second, Plaintiff's Opposition alleges that "Vanguard is used as a branch or tool of the Axiom

28  Brand," a perception that "Vanguard was supported by the full support . . . of Axiom," "CSI agreed to

contract with Defendants," "Mr. Scheid . . . was regularly communicating with the other Defendants" and payment was received "on behalf of the Defendants." (ECF No. 32 at 16-17) (citing ECF No. 21 at ¶¶ 24, 27, 28, 43, 45). Yet Plaintiff does not differentiate between "Defendants" such as when it states "CSI agreed to contract with Defendants" (ECF No. 32 at 17), but ignores that the contract is expressly between only "Vanguard Field Strategies, LLC . . . [and] Community Schools Initiative." (ECF No.21-1). With Plaintiff's alter ego argument abandoned and no longer in play, Axiom cannot be a contracting party.

Third, Plaintiff argues that any action of Joe Williams and Tom Goodson are somehow attributable to Axiom citing to Paragraph 31 of the Second Amended Complaint. (ECF No. 32 at 17, 18). However, Paragraph 31 references and provides a photograph of an email directed to Mr. Williams and Mr. Goodson among others. Joe Williams is President of Vanguard and Tom Goodson is National Director of Data and Operations for Vanguard. Although not shown on the email displayed in Paragraph 31 of the Second Amended Complaint, had Plaintiff simply clicked on the "details" button and expanded the addresses, it would have shown Joe Williams <jwilliams@vanguardfieldstrategies.com> and Tom Goodson <tgoodson@vanguardfieldstrategies.com> ),[1] clearly Vanguard employees. (ECF No. 21 at ¶ 31)

The closest Plaintiff's Opposition comes to asserting any action by Axiom is when it argues "CSI was informed that the executives from Axiom, not Vanguard, would 'take care of it.'" (ECF No. 32 at 19) (citing ECF No. 21 at 68-69). The Second Amended Complaint, however, alleges:

> Mr. Scheid assured Mr. Castor and Mr. Sweetin that a refund was forthcoming, that *Defendants* would "take care of it," and that one of Defendant's various senior leadership would contact Mr. Castor after Christmas. *Mr. Castor understood it would be a call from someone on behalf of Roe and Axiom.*

(ECF No. 21 at ¶ 68) (emphasis added). Thus, Plaintiff asks this Court to impose jurisdiction solely on Mr. Castor's "understanding" rather than any actual act of Axiom directed to the State of Nevada, which at most alleges subsequent efforts to resolve a dispute among CSI and Vanguard.

---

[1] This Court "may consider certain materials . . . incorporated by reference in the complaint . . . without converting a motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Plaintiff has referenced and incorporated this email.

ii.      **Plaintiff has Not Alleged its Claims Arise Out of Axiom's Action in Nevada.**

Specific personal jurisdiction refers to "jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claims." *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007). Personal jurisdiction must arise out of "contacts that the 'defendant himself' creates with the forum State" and cannot be established from the conduct of a plaintiff or third parties within the forum. *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Here, Plaintiff makes no attempt to connect Axiom's actions (or lack thereof) to any asserted claim.

Plaintiff acknowledges the contract was with Vanguard. (ECF No. 32 at 19). Plaintiff's Opposition then states "representatives (including Axiom's) met with CSI (in Nevada)," however this information appears nowhere in the Second Amended Complaint. *Id.* (citing ECF No. 21 at ¶¶ 27, 18). Paragraph 18 simply states that "Axiom is nationally renowned" and paragraph 27 states that "Defendants heavily emphasized the reputation of Axiom." There is no allegation that Axiom employees traveled to Nevada to meet with CSI or even called.

Next, Plaintiff's Opposition states the contract with Vanguard "was drafted and negotiated with insight from Axiom." (ECF No. 32 at 20) (citing ECF No. 21 at ¶ 29). Yet, the Second Amended Complaint actually alleges that "Defendants drafted the contract, and Mr. Castor and Vanguard . . . discussed it, with insight from Axiom." (ECF No. 21 at ¶ 29). "Insight," whatever Plaintiff meant, regarding a contract drafted, discussed, and signed by Vanguard is not a wire upon which to hang this Court's jurisdiction.

Finally, Plaintiff's Opposition argues that Vanguard "created a perception for CSI that Vanguard was supported" by Axiom and that specific jurisdiction exists because of "Axiom's presence . . . supporting other prominent election campaigns in Nevada as evidence by the Twitter posts." (ECF No. 32 at 19-20). Again, Plaintiff points to no action taken by Axiom directed to CSI or related to the subject of its claims.

/ / /

/ / /

/ / /

**C.**     **Plaintiff Fails to Allege Sufficient Facts to Show General Jurisdiction over Axiom.**

"Generally, a district court may not consider any material beyond the pleadings in a ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Therefore, it's a stretch for Plaintiff to cite to Axiom's website, Twitter or any of the several other facts not in its Second Amended Complaint. (ECF No. 32 at 11-12). For example, Plaintiff alleges Axiom has "history in Nevada like it has history in all states." (ECF No. 32 at 11). Not only does this allegation not appear in the Second Amended Complaint, it would not confer general jurisdiction even if it did.

Further, although Plaintiff concedes Axiom is not an alter ego of Vanguard, it continually attributes Vanguard's actions to Axiom. For example, Plaintiff's Opposition states "Axiom has unquestionably conducted at least one, if not more 'grassroots & grasstops development and management' campaigns in Nevada." (ECF No. 32 at 11) (citing ECF No. 21 at ¶ 19). Again, not only does the Second Amended Complaint not refer to previous Axiom campaigns in Nevada, it specifically attributes these campaigns to Vanguard. (ECF No. 21 at ¶ 19) ("Axiom promotes *Vanguard* as a 'field strategies firm specializing in . . . grassroots & grasstops development and management'") (emphasis added).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

Plaintiff Lex Tecnica, as assignee, lacks standing to assert Causes of Action Four, Five, Six and Seven because they seek personal non-pecuniary damages, which are not assignable, and thus the assignment is void *ab initio*. Plaintiff fails to establish this Court's personal jurisdiction over Defendant Axiom. Accordingly, Defendants ask this Court to dismiss Defendant Axiom from the Second Amended Complaint for lack of personal or general jurisdiction, dismiss Causes of Action Four, Five, Six and Seven with prejudice, and for such further relief as the Court deems just and proper.

Respectfully submitted,

ARMSTRONG TEASDALE LLP

By:     */s/ Jeffrey F. Barr*
        Jeffrey F. Barr, Esq.
        Nevada Bar No. 7269
        7160 Rafael River Way, Suite 320
        Las Vegas, NV 89113

GRAVES GARRETT LLC
        A. Bradley Bodamer, Esq. (pro hac pending)
        George R. Lewis, Esq. (pro hac pending)
        1100 Main Street, Suite 2700
        Kansas City, Missouri 64105

        *Attorneys for Defendants*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

    **I HEREBY CERTIFY** that on the 11th day of July 2023, I served a true and correct copy of the forgoing **DEFENDANT'S REPLY MEMORANDUM  IN  SUPPORT OF DEFENDANTS' MOTION  TO  DISMISS** with the clerk of the court through case management/electronic filing system.

Zachary P. Takos, Esq.,
Steven R. Hart, Esq.,
TAKOS LAW GROUP, LTD.
10785 West Twain Avenue, Suite 226
Las Vegas, Nevada 89135


Sam Castor, Esq.,
LEX TECNICA, LTD.
10161 Park Run Drive
Las Vegas, Nevada 89145

*Attorneys for Plaintiff*



                                          */s/ Allie Villarreal*_____
                                          Employee of Armstrong Teasdale LLP