UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| COMMUNITY SCHOOLS INITIATIVE, a Nevada Political Action Committee; and LEX TECNICA, LTD., a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>VANGUARD FIELD STRATEGIES, LLC a Texas limited liability company; AXIOM, LLC dba AXIOM STRATEGIES, a Texas limited liability company; DOES 1 through 100, inclusive; and ROE Business Entities 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:23-cv-00069-APG-EJY<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Extend Discovery for the fourth time. ECF No. 63. The only extension sought related to the due date for the rebuttal expert report. *Id*. Plaintiffs agreed to three prior extensions of the rebuttal expert disclosure due date. Plaintiffs argue Defendants have not been diligent and are not seeking the fourth extension in good faith. ECF No. 65. The specifics underlying this dispute arises from a set of documents relied upon by Plaintiffs' expert that are available from the Nevada Secretary of State, which Plaintiffs' counsel obtained at a cost of $7,700. These documents were equally available to Defendants, but not obtained by them. Instead, once Plaintiffs' expert's report was reviewed and his deposition taken, Defendants sought copies of the documents from Plaintiffs. Plaintiffs provided the documents upon agreement that Defendants share the cost incurred by Plaintiffs.

Federal Rule of Civil Procedure 26(a)(2)(B)(ii) requires a retained expert to include with the expert's report all "facts or data considered by the witness in forming" the expert's opinion. *See also Hi-Tech Rockfall Construction, Inc. v. County of Maui,* Case No. CV 08-00081 DAE LEK, 2009 WL 10676563, at \*6 (D. Haw. Mar. 12, 2009) *citing, inter alia, Employees Committed for Justice v. Eastman Kodak Co.*, 251 F.R.D. 101, 104 (W.D.N.Y. 2008) (stating that, for a testifying

expert, the party must disclose all "materials considered, reviewed or generated by the expert in forming the opinion, irrespective of whether the materials were actually relied on by the expert"). However, Rule 26(b) mandates the Court limit discovery when it determines the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Here, the availability of the documents is moot as those documents Defendants sought were produced (albeit at a cost). The issue is Defendants' delay in producing their rebuttal expert report—a delay that is not insubstantial.

Federal courts uniformly adopts the strong policy favoring merits-based decisions. This is not in doubt. The law is also well settled that District Courts have broad discretion in controlling discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). In their moving papers, Defendants do not explain why it has taken so long to review documents available to them. On the other hand, Defendants seek a twelve day extension (albeit their fourth) to get their rebuttal expert report produced. The Court notes that any prejudice caused to Plaintiffs by the additional twelve day extension requested is surely less than the time and expense incurred having to respond to Defendants' motion practice.

After weighing all the information available to the Court, and not without some hesitancy, the Court GRANTS Defendants' Motion (ECF No. 63) and holds *no further extensions of discovery deadlines or the scheduling order will be granted*. The rebuttal expert report *must* be produced in compliance with Rule 26 of the Federal Rules of Civil Procedure on **May 24, 2024**.

IT IS SO ORDERED this 21st day of May, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE