UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEX TECNICA, LTD. and COMMUNITY SCHOOLS INITIATIVE,<br><br>Plaintiffs,<br><br>v.<br><br>VANGUARD FILED STRATEGIES, LLC, and AXIOM LLC,<br><br>Defendants. | Case No. 2:23-cv-00069-APG-EJY<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Compel Community Schools Initiative's Compliance with Subpoena to Produce Documents. ECF No. 69. The Court has considered the Motion, the Opposition (ECF No. 70), and the Reply (ECF No. 71).

There are three categories of documents at issue in the pending Motion to Compel. These include (1) federal tax filings, (2) engagement letters, and (3) attachments to emails related to the "Committee to Elect Dan Stewart." ECF No. 71 at 2. Further, some documents were not produced based on claims of privilege and work product. Despite a contention that no privilege log was provided, Plaintiffs produced a privilege log on June 24, 2024. Defendants nonetheless argue any objections asserted by Plaintiffs—including the assertion of attorney client privilege and work product—were untimely and therefore waived.

The Local Rules for the U.S. District Court for the District of Nevada make clear that discovery motions will not be considered "unless the movant … has made a good faith effort to meet and confer ... before filing the motion." LR 26-6(c). This Rule requires the moving party to "personally engage in two-way communication with the … [non-moving] party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). Meeting this obligation requires both parties to "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Nevada Power v.*

1  *Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993).  In turn, the parties are expected to "present to each other the merits of their respective positions with the same candor, specificity, and support during informal negotiations as during the briefing of discovery motions." *Id.*  Courts may look beyond the meet and confer certification provided by the movant to determine whether a sufficient meet and confer took place. *See, e.g.*, *Cardoza v. Bloomin' Brands, Inc.*, 141 F.Supp.3d 1137, 1145 (D. Nev. 2015).

The Court reviewed the evidence of meet and confer attempts and finds they are insufficient. The issues that remain must be discussed in earnest by the parties either in person, by Zoom (or an equivalent) platform, or by telephone.  Email exchanges, even though responses were not promptly provided, do not meet the requirements of the Local Rules.  The Court takes seriously the requirement that the parties must make sincere efforts to resolve their differences.  Only after that sincere effort is exhausted is a motion to compel appropriate.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Compel Community Schools Initiative's Compliance with Subpoena (ECF No. 69) is DENIED without prejudice.

Dated this 1st day of August, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE