# Exhibit DD (Defendants' Interrogatories)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | | |
|---|---|---|
| LEX TECNICA, LTD., and COMMUNITY SCHOOLS INITIATIVE | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 23-cv-00069-APG-EJY |
| VANGUARD FIELD STRATEGIES, LLC, and AXIOM LLC | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT VANGUARD FIELD STRATEGIES' FIRST SET
OF INTERROGATORIES TO PLAINTIFF COMMUNITY SCHOOL INITIATIVE**

Vanguard Field Strategies, LLC by and through its attorneys, propound the following

interrogatories to Plaintiff Community School Initiative ("CSI"):

**DEFINITIONS**

The following terms have the following meanings, unless the context requires otherwise:

1.      **Parties**.  The term "plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

1.      **Document**.  The term "documents" is used in the broadest sense and includes without limitation the following items whether printed or recorded, reproduced by any mechanical, electronic or photographic process, or written or produced by hand, and shall include all drafts and copies of any such document (unless such draft or copy is identical in every respect with the original or copy thereof produced), namely: electronic mail, agreements; communications, including newspaper or other periodical reports or articles; correspondence; memoranda; records of any type; summaries or records of telephone conversations; telephone logs; text messages; electronic instant messaging; diaries; forecasts; financial statements; statistical statements; management letters; manuals; graphs; charts; accounts; analytical records; minutes or records of meetings or conferences, including agendas; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations' brochures; photographs; drawings; specifications; securities ledgers or other records of original entry; checks, back and front; typed or stenographic transcripts or any testimony

1

given at any legal or investigative proceeding; drafts of any of the foregoing, if applicable; or other documents or writings of whatever description. A draft or non-identical copy is a separate document within the meaning of this term.

2. **Identify** (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

3. **Identify** (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

4. **Person**. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

5. **Communication.** The term "communication" or any derivation thereof means any oral, written, or electronic exchange or transmission of words or information to another person or persons (in the form of facts, ideas, inquiries or otherwise).

6. **You.** The terms "you" or "your" means Plaintiff Community Schools Initiative, including its officers, directors, employees, contractors, subcontractors, representatives, attorneys, those employed by its attorneys or agents acting on its behalf.

7. **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

8. **Control.** The term "control" shall be defined so as to apply to any document, if you have the right to secure the document or a copy thereof from another person or public or private entity having actual possession thereof. If a document is responsive to a request for identification or production and is in your control, but is not in your possession or custody, identify the person in possession or custody.

9. **All/Any/Each.** The terms "all," "any," and, "each" shall be construed as encompassing any and all.

10. **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. **Number.** The use of the singular form of any word includes the plural and vice versa.

2

12.     **Defendants.**  The term "Defendants" means Vanguard Field Services, LLC, its officers, directors, employees, and agents acting or alleged to have acted on its behalf.

13.     **Plaintiffs.**  The term "Plaintiff" means CSI, and their officers, directors, employees, or agents acting on their behalf.

## INSTRUCTIONS

1.     Plaintiffs should serve copies of its written answers to the interrogatories herein upon the undersigned counsel within thirty (30) days after the date of service hereof.

2.     Each interrogatory shall be answered separately and under oath, unless an objection is claimed, in which event any portion that is not claimed to be objectionable shall be answered and the reasons for the objection shall be stated in lieu of an answer to that portion of the interrogatory to which the objection has been made.

3.     If an interrogatory is not answered because of a claim of privilege, set forth the privilege claimed, the facts relied upon to support the claim of privilege, and identify all documents for which, or on the basis of which, such privilege is claimed.

4.     The interrogatories herein are continuing in character and require the filing of supplementary answers if further or different information is obtained.

5.     Identifying a tangible thing. When an interrogatory asks you to "identify" a tangible thing, to the extent known, provide the information listed below, to the extent known, with respect to the tangible thing.

(a)     The type of tangible thing;
(b)     The general description of the tangible thing;
(c)     The date of creation of the tangible thing;
(d)     The creator and owner of the tangible thing;
(e)     The location of the tangible thing;
(f)      The identify of the person who has custody of the tangible thing; and
(g)     Whether the tangible thing has been destroyed, and if so, (1) the date of its destruction, (2) the reason for its destruction, (3) the existence and location of any physical remnants of its destruction, (4) the identity of the person who destroyed it, and (5) any retention policy directing its destruction.

6.     Describing an act or transaction. When an interrogatory asks you to "describe" an act or transaction, provide the information listed below, to the extent known, with respect to the act or transaction.

(a)     The date the act or transaction occurred;
(b)     The place where the act or transaction occurred;

3

(c)     The identity of each person participating in the act or transaction and on whose behalf the person was acting;

(d)     The nature and substance of all communications that occurred in connection with the act or transaction; and

(e)      The identity of all materials referring to or reflecting the act or transaction.

7.     Specifying a date. When an interrogatory asks you to "specify" a date, to the extent known, state the exact day, month, and year or state the narrowest approximate time frame.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), please describe in detail each category of damages to which You claim to be entitled and state the amount for each category, identify the elements and explain the computation method for each category, and identify each person or entity with knowledge of the damages and their calculation.

**ANSWER:**

**INTERROGATORY NO. 2:** With respect to Plaintiff's contention in paragraph number 89 of the Third Amended Complaint that Your reputation suffered harm, please describe Your reputation before and after the signature gathering campaign, describe how the outcome of the campaign damaged Your reputation, and state the amount of monetary damages and how You calculated.

**ANSWER:**

**INTERROGATORY NO. 3:** Please identify all current and former donors, endorsers, or supporters who previously donated money to You that have indicated their intent to no longer support CSI or a future Petition as a result of failing to qualify for the 2022 ballot. For each donor, endorser, or supporter, describe in detail the dates on which they donated, the amounts they

4

donated, the dates on which or during which they promised to donate in the future, and the amounts they promised to donate in the future.

**ANSWER:**

**INTERROGATORY NO. 4:** Please identify each and every media article described in paragraphs 90 and 106. For each news article, identify the news agency and whether You or the other Plaintiff initiated contact with the news agency, sought contact with the news agency, or in any way instigated the article.

**ANSWER:**

**INTERROGATORY NO. 5**: As to Your computation damages identified in paragraph 154 of the Third Amended Complaint related to "preparatory work for the initiative," please describe in detail the type of preparatory work, the names of all individuals who engaged in the preparatory work and when it was conducted, and the amount spent on the preparatory work.

**ANSWER:**

**INTERROGATORY NO. 6:** As to Your computation of damages identified in paragraph 154 of the Third Amended Complaint related to "volunteer hours . . . wasted," please provide the names of the volunteers, describe the volunteer activities, and state when they occurred and the amount of hours spent.

**ANSWER:**

5

**INTERROGATORY NO. 7:** As to Your computation of damages identified in paragraph 154 of the Third Amended Complaint related to "stalled political momentum CSI garnered," please describe the political momentum You had garnered, how that political momentum translated into fundraising or donations to CSI, and how You calculate the dollar amount for that alleged lost momentum.

**ANSWER**

**INTERROGATORY NO. 8:** Please describe the malicious or wanton conduct that forms the basis for Plaintiff's claim of punitive or exemplary damages in paragraphs 156 and 175 of the Third Amended Complaint.

**ANSWER:**

**INTERROGATORY NO. 9:** Please state in detail each category of damages sought in the First Cause of Action, the claimed amount for each, and how calculated.

**ANSWER:**

**INTERROGATORY NO. 10:** Please state in detail each category of damages sought in the Second Cause of Action, the claimed amount for each, and how calculated.

**ANSWER:**

**INTERROGATORY NO. 11:** Please state in detail each category of damages sought in the Third Cause of Action, the claimed amount for each, and how calculated.

**ANSWER:**

6

**INTERROGATORY NO. 12:** Please state in detail each category of damages sought in the Fourth Cause of Action, the claimed amount for each, and how calculated.

**ANSWER:**

**INTERROGATORY NO. 13:** Please state in detail each category of damages sought in the Fifth Cause of Action, the claimed amount for each, and how calculated.

**ANSWER:**

**INTERROGATORY NO. 14:** Please state in detail each category of damages sought in the Sixth Cause of Action, the claimed amount for each, and how calculated.

**ANSWER:**

**INTERROGATORY NO. 15:** Please state in detail each category of damages sought in the Seventh Cause of Action, the claimed amount for each, and how calculated.

**ANSWER:**

DATED: June 10, 2024.

Respectfully submitted.

GRAVES GARRETT GREIM LLC

By: */s/ A. Bradley Bodamer*
A. Bradley Bodamer, Esq. (pro hac vice)
George R. Lewis, Esq.  (pro hac vice)
1100 Main Street, Suite 2700
Kansas City, Missouri 64105

*Attorneys for Defendants*

7

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 10th day of June 2024, I served a true and correct copy of the forgoing **DEFENDANTS FIRST INTERROGATORIES TO PLAINTIFF COMMUNITY SCHOOL INITIATIVE** on the below counsel of record and a certificate of service was filed with the clerk of the court through case management/electronic filing system.

Zachary P. Takos, Esq.,
Steven R. Hart, Esq.,
TAKOS LAW GROUP, LTD.
10785 West Twain Avenue, Suite 226
Las Vegas, Nevada 89135

Sam Castor, Esq.,
LEX TECNICA, LTD.
10161 Park Run Drive
Las Vegas, Nevada 89145

*Attorneys for Plaintiff*

/s/ A. Bradley Bodamer
*Attorney for Defendants*

8