1  Zachary P. Takos, Esq., Nevada Bar No. 11293
   Steven R. Hart, Esq., Nevada Bar No. 15418
2  **TAKOS LAW GROUP, LTD.**
   10785 West Twain Avenue, Suite 224
3  Las Vegas, Nevada 89135
   Telephone: 702.658.1900
4  Facsimile: 702.924.4422
   Email: zach@takoslaw.com
5         steven@takoslaw.com

6  Sam Castor, Esq., Nevada Bar No. 11532
   **LEX TECNICA, LTD.**
7  10161 Park Run Drive
   Las Vegas, Nevada 89145
8  Email: sam@lextecnica.com

9  *Counsel for Plaintiff*

10

11 JEFFREY F. BARR, ESQ., Nevada Bar No. 7269
   ASHCRAFT BARR LLP
12 8275 S Eastern Avenue, Suite 200-695
   Las Vegas, NV 89123
13 Telephone: (702) 631-4755
   barrj@ashcraftbarr.com
14
   A. Bradley Bodamer, Esq. (admitted *pro hac vice*)
15 J. Aaron Craig, Esq. (admitted *pro hac vice*)
   Chandler E. Carr, Esq. (admitted *pro hac vice*)
16 GRAVES GARRETT GREIM LLC
   1100 Main Street, Suite 2700
17 Kansas City, Missouri 64105
   Telephone: (816) 256-3181
18 bbodamer@gravesgarrett.com
   acraig@gravesgarrett.com
19 ccarr@gravesgarrett.com

20 *Attorneys for Defendants*

1

1
2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

LEX TECNICA, LTD., a Nevada limited
liability company,

Case No.: 2:23-cv-00069-APG-EJY

4

5

       Plaintiff,

v.

6

VANGUARD FIELD STRATEGIES, LLC, a
Texas limited liability company; AXIOM, LLC
dba AXIOM STRATEGIES, a Texas limited
liability company; DOES 1 through 100,
inclusive; and ROE Business Entities 1
through 100, inclusive;

**JOINT PRETRIAL ORDER**

7

8

9

       Defendants.

10

11         Pursuant to Local Rule 16-3 of the District of Nevada and Fed. R. Civ. P. 16, Plaintiff Lex

12  Tecnica, Ltd. ("Lex") and Defendants Vanguard Field Strategies, LLC ("Vanguard") and Axiom,

13  LLC ("Axiom") (collectively, "Defendants"),[1] hereby jointly submit this Joint Pretrial Order to

14  outline the issues, evidence, and proposed trial schedule for the above-captioned matter. This Order

15  reflects the procedural history, the Court's summary judgment rulings (Order, ECF No. 110), and

16  the parties' positions as derived from the Third Amended Complaint (ECF No. 56).

17         After pretrial proceedings in this case,

18                     IT IS ORDERED:

19  **I.**    **This is an action for:**

20        This action arises from allegations that Defendants breached a written contract for

21  signature-gathering in support of a ballot initiative in Nevada, and that Defendants fraudulently

22  misrepresented signature validity rates, and engaged in deceptive trade practices under Nevada law.

23  Lex—as assignee of Community Schools Initiative, a Nevada Political Action Committee ("CSI")—

24  alleges that Defendants failed to deliver signatures at the contracted 70% validity rate for the ballot

25  initiative, which was aimed at allowing municipalities to opt out of Nevada's county-based school

26  district system. Instead, Plaintiff alleges that Defendants knowingly or recklessly reported validity

27

28

[1] The parties have recently been made aware that Axiom, LLC may not be the correct entity named in this matter. The parties are working together to resolve this issue.

2

rates of 70%–74% while internal data showed rates as low as 20%–38%, inducing CSI to pay Defendants $2,160,000.00. The Nevada Secretary of State rejected the initiative due to a 53.65% validity rate, causing significant financial and reputational harm. Lex seeks compensatory, special, treble, and punitive damages, along with attorneys' fees and costs. (*See* Third Amended Complaint, ECF No. 56, Factual Allegations).

Defendants, for their part, deny Plaintiff's allegations.

**II.     Statement of jurisdiction:**

1.     Subject Matter Jurisdiction: This Court has jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction). Lex is a Nevada limited liability company with Nevada members, while Vanguard and Axiom are Texas (and possibly Missouri)[2] limited liability companies, none of whom have members who are citizens of Nevada. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. (*See* Third Amended Complaint, ECF No. 56 at 8.)  Defendants dispute the Court's subject matter jurisdiction over the claims for fraud and for violations of the Nevada Trade Practices Act asserted by Plaintiff. Defendants allege that Plaintiff has no standing to bring those claims in a derivative manner and the attempted assignment of those personal claims from CSI to Lex was void and remains void.

2.     Personal Jurisdiction: Plaintiff alleges that this Court has personal jurisdiction over Axiom based on its purposeful direction of activities toward Nevada, including drafting the contract, invoicing CSI, and involvement in the signature-gathering campaign. (*See* Order, ECF No. 110 at 4–11.) Defendants dispute this Court's personal jurisdiction over Axiom.

3.     Venue: Venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events, including the signature-gathering campaign and contract performance, occurred in Clark County, Nevada. (*See* Third Amended Complaint, ECF No. 56 at 9.)

**III.     The following facts are admitted by the parties and require no proof:**

The following facts are stipulated or undisputed:

---

[2] *See* footnote 1, above.

1.      Contract Formation: On June 16, 2022, CSI and Vanguard signed a Letter of Engagement for 20,833 raw signatures at a 70% validity rate for $12 per signature, with an option to extend (ECF No. 74-5, 6).

2.      Signature Collection: Vanguard collected 233,173 raw signatures, delivered to Nevada counties on November 23, 2022 (ECF No. 74-9).

3.      Payments: CSI paid Vanguard $2,160,000.00 through 17 invoices from June to December 2022.

4.      Campaign Failure: The initiative failed to qualify for the ballot.

**IV.      The following facts, though not admitted, will not be contested at trial by evidence to the contrary:**

None.

**V.      The following are the issues of fact to be tried and determined at trial:**

Plaintiff's Statement of Issues of Fact:

1.      Scope of Contract Extension: Whether the contract encompassed all 233,173 signatures collected, or was limited to 180,000.

2.      Defendants' Knowledge of Validity Issues: Whether Defendants knowingly misrepresented validity rates.

3.      Intent and Bad Faith: Whether Defendants deliberately concealed poor validity rates or recklessly disregarded red flags.

4.      Reliance and Damages Causation: Whether CSI reasonably relied on Defendants' weekly reports in making payment and contract extension decisions.

5.      Did the Nevada Secretary of State's office conduct a random 5% sample of the submitted signatures and find that the submitted signatures held a 53.65% validity rate (41.6% in District 1, 55.3% in District 2, 62.7% in District 3, and 55.0% in District 4), and therefore deem the initiative insufficient?

6.      From August 22 to November 7, 2022, did Vanguard's Scott Scheid send weekly reports to CSI informing CSI that the signature validity rates were between 70% and 74%?

7. From August 22 to November 7, 2022, did Whitney LaJaunie regularly send Scott Scheid D2D trackers which reported validity rates between 20% and 38%?

8. Did Vanguard or Axiom inform CSI of their concerns about the validity rate calculation process and/or confidence in the validity rate numbers?

9. Did Vanguard or Axiom inform CSI that it had not contracted with Vanguard to gather enough signatures, even at a 70% validity rate?

10. Did Vanguard or Axiom inform CSI that it had not secured sufficient funding for Vanguard to obtain a sufficient amount of signatures?

<u>Defendants' Statement of Issues of Fact:</u>

1. Did CSI secure enough volunteer signatures such that it would have qualified for the ballot if 70% of the signatures it paid for were valid?

2. Did the parties come to a mutual agreement on a certain number of signatures CSI was purchasing after the initial 20,833?

3. Did CSI materially rely to CSI's detriment on the weekly update emails for purposes of purchasing any additional signatures?

4. Did CSI have sufficient funding secured at a sufficiently early time such that it could have reasonably expected to have secured a sufficient number of signatures?

5. Did CSI receive something of value in exchange for what it paid Vanguard?

6. Did Vanguard warn CSI about the inherent uncertainty and approximation associated with indicating a validity rate?

7. Did Vanguard warn CSI about the possibility of the ballot initiative's failure?

8. Did Scott Scheid work with CSI to help it secure with funding and other resources in excess of any obligation or promise by Vanguard?

9. Did Vanguard intend to induce CSI to consent to the formation of a contract for a certain number of signatures after the initial project for 20,833?

10. Were any of the validity rate emails demonstrably false representations?

11. Did Vanguard know that the validity rates it was reporting were false or otherwise know it had an insufficient basis for making the representations?

12. Was the Secretary of State's 5% sampling reliable?

13. Did CSI's decision not to challenge or appeal the Secretary of State's initial sampling harm CSI or contribute to CSI's failure to get the initiative on the ballot.

14. Did the County Clerks' examinations apply mathematical principles and report complete statistical results?

15. Did Vanguard intend to provide signatures to CSI below a 70% validity rate?

16. Can Lex prove any damages to CSI beyond speculation?

**VI.    The following are the issues of law to be tried and determined at trial:**

Plaintiff's Statement of Issues of Law:

1. Breach of Contract:

   o    Did Vanguard materially breach the contract by delivering signatures at a 53.65% validity rate instead of 70%?

   o    Was the contract extended beyond 180,000 signatures, and if so, does Vanguard's breach relate to all 233,173 signatures?

   o    Does substantial performance apply if the validity rate was 69.5% for 180,000 signatures?

2. Breach of Implied Covenant of Good Faith and Fair Dealing:

   o    Did Defendants' actions in continuing to collect signatures and invoice CSI, despite knowing the validity rate was below 70%, constitute bad faith and frustrate the contract's purpose?

3. Fraudulent Misrepresentation:

   o    Did Defendants knowingly or recklessly make false representations about the validity rate?

   o    Did CSI justifiably rely on these representations, causing damages?

   o    Is there clear and convincing evidence to support liability for fraudulent misrepresentation?

6

4.    Fraudulent Inducement:

o    Did Defendants' misrepresentations induce CSI to extend the contract beyond 20,833 signatures?

o    Were the extensions based on justifiable reliance, supported by clear and convincing evidence?

5.    Deceptive Trade Practices:

o    Did Defendants violate NRS § 598.0915(5) by knowingly misrepresenting the characteristics of their services?

o    Did Defendants violate NRS § 598.0915(7) by representing their services as meeting a 70% validity standard while knowing or should have known otherwise?

o    Did Defendants violate NRS § 598.0915(15) by making false representations in the transaction?

o    Did Defendants engage in bait-and-switch tactics under NRS § 598.0917(2) by disparaging the promised services?

o    Did Defendants violate NRS 598.0923(1)(b) by failing to disclose a material fact (the validity rate) in connection with the sale of services?

6.    Damages:

o    Are special/consequential damages (volunteered time, lost donors, marketing, litigation, retry costs) foreseeable and supported by evidence?

o    Is Lex entitled to treble damages under NRS § 598.0999(3)?

o    Does clear and convincing evidence of fraud, oppression, or malice support punitive damages against Defendants under NRS § 42.005?

Defendants' Statement of Issues of Law:

1.    Was there an enforceable contract between CSI and Vanguard for a certain number of valid signatures after the 14,583 agreed to in the Letter of Engagement?

2.    Did CSI contractually waive the right to sue for failure to qualify for the ballot?

7

3.     Did CSI contractually release Defendants from liability for the acts of third parties such as the independent contractors who gathered signatures as part of the campaign?

4.     Did CSI justifiably rely on the weekly validity update emails to CSI's detriment?

5.     What was the benefit of the bargain struck between CSI and Vanguard?

6.     Did Axiom purposefully direct its business activities towards the State of Nevada?

7.     Did Vanguard offer to sell services that Vanguard did not in truth intend to sell?

8.     Did the validity rate emails Lex complains of relate to any particular transaction?

9.     Did Vanguard knowingly falsely represent the validity rate?

10.    Did Vanguard intend to induce CSI to consent to the formation of the alleged second contract through the alleged false representations?

11.    Was CSI damaged as a result of its alleged reliance?

12.    If CSI was damaged by Vanguard's or Axiom's conduct, what damages, if any, may be awarded to CSI aside from non-speculative and concrete actual damages?

13.    Are special/consequential damages recoverable?

14.    If special/consequential damages are recoverable, has Lex satisfied its burden to prove such damages are non-speculative and concrete?

**VII.**

**(a) The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:**

As set forth below.

**(b) As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:**

**(1) Plaintiff's exhibits and Defendants' objections to them:**

| Description of Document | Bates Numbers | Objections (if any) |
|---|---|---|
| Notice of Intent to Circulate Statewide Initiative or Referendum Petition | PLF_RFP_RES000113 | None. |
| CSI information sheet | PLF_RFP_RES000182 | None. |

| Initiative Petition – Statewide Statutory Measure | PLF_RFP_RES000114-123 | None. |
|---|---|---|
| December 21, 2022 letter from the Nevada Secretary of State re: Notice of Insufficiency of Petition | Vanguard_01_003807 | None. |
| December 10, 2022 email from Scheid to Williams | Vanguard_01_003779 | None. |
| Axiom website screen-shot, (bios of Williams and Phillips) | PLF_CSI 005389 | Defendants object on lack of foundation and authentication grounds. Defendants also object on hearsay grounds. See FRE 802, 901, 1001-02. |
| Axiom and Vanguard website screen-shots (field program) | PLF_CSI 005499 | Defendants object on lack of foundation and authentication grounds. Defendants also object on hearsay grounds. See FRE 802, 901, 1001-02. |
| Vanguard website screen-shot ("premier grassroots firm") | PLF_CSI 005506 | Defendants object on lack of foundation and authentication grounds. Defendants also object on hearsay grounds. See FRE 802, 901, 1001-02. |
| Axiom and Vanguard website screen-shots (locations and descriptions) | PLF-CSI 005519-21 | Defendants object on lack of foundation and authentication grounds. Defendants also object on hearsay grounds. See FRE 802, 901, 1001-02. |
| Axiom website screen-shot (bio of Roe) | PLF-CSI 005387 | Defendants object on lack of foundation and authentication grounds. Defendants also object on hearsay grounds. See FRE 802, 901, 1001-02. |
| Axiom website screen-shots (bios of Roe, Phillips, Schulte, Phillips, Williams, Klein, Perez, Goodson) | PLF_CSI 005342-52 | Defendants object on lack of foundation and authentication grounds. Defendants also object on hearsay grounds. See FRE 802, 901, 1001-02. |
| Axiom website screen-shot (Axiom location in Las Vegas, NV) | ECF No. 83-15 | Defendants object on lack of foundation and authentication grounds. Defendants also object on hearsay grounds. See FRE 802, 901, 1001-02. |

| Screen-shots from the Nevada Secretary of State's website relative to searches for Axiom and Vanguard | ECF No. 74-13 | Defendants object on relevance grounds or, in the alternative, on the ground that any probative value of this evidence is substantially outweighed by the danger of confusing the issues and misleading the jury. Defendants further object on lack of foundation and authentication grounds. Defendants also object on hearsay grounds. See FRE 401-03, 802, 901, 1001-02. |
|---|---|---|
| June 2022 Letter of Engagement | Vanguard_01_000633-34 | None. |
| April 18, 2023 email from Scheid to Williams and the attachment "RJArticleTalkers.docx" | Vanguard_01_003911-12 | None. |
| September 5, 2022 email from Scheid to Williams and others | Vanguard_01_001857 | None. |
| June 16, 2022 email chain between Schulte, Perez, and others | Vanguard_01_000610-14 | None. |
| August 5, 2022 emails between LaJuanie, Schied, Goodson, and others | Vanguard_01_001558-59 | None. |
| August 20, 2022 email from MJ Stewart to Romo and Scheid | Vanguard_01_001754 | None. |
| August 22, 2022 email from LaJaunie to Scheid and others (with attachment) | Vanguard_01_1759-60 | None. |
| August 22, 2022 email from Scheid to MJ Stewart | Vanguard_01_001761 | None. |
| August 29, 2022 email from LaJaunie to Scheid and others (with attachment) | Vanguard_01_001793-94 | None. |
| August 29, 2022 email from Scheid to MJ Stewart | Vanguard_01_001799 | None. |
| September 2, 2022 email from LaJaunie to Scheid and others (with attachment) | Vanguard_01_001853-54 | None. |
| September 6, 2022 email from LaJaunie to Scheid and others (with attachment) | Vanguard_01_001861-62 | None. |
| September 7, 2022 email from Scheid to MJ Stewart | Vanguard_01_001877 | None. |
| September 12, 2022 email from LaJaunie to Scheid and others (with attachment) | Vanguard_01_001892-93 | None. |

| | | |
|---|---|---|
| September 12, 2022 emails from Scheid to MJ Stewart | Vanguard_01_001887-88 | None. |
| September 19, 2022 email from LaJaunie to Scheid and others (with attachment) | Vanguard_01_001907-08 | None. |
| September 19, 2022 email from Scheid to MJ Stewart | Vanguard_01_001906 | None. |
| September 26, 2022 email from Scheid to MJ Stewart | Vanguard_01_001986 | None. |
| October 3, 2022 email from Scheid to MJ Stewart | Vanguard_01_002004 | None. |
| October 7, 2022 email from LaJaunie to Scheid and others (with attachment) | Vanguard_01_002024-25 | None. |
| October 10, 2022 email from Scheid to MJ Stewart | Vanguard_01_002033 | None. |
| October 17, 2022 email from Scheid to MJ Stewart | Vanguard_01_002052 | None. |
| October 31, 2022 text messages between Scheid and MJ Stewart | Vanguard_01_000048-49 | Defendants object on lack of foundation and authentication grounds. Defendants also object on hearsay grounds. See FRE 802, 901, 1001-02. |
| November 7, 2022 text messages between Scheid and MJ Stewart | Vanguard_01_000050 | Defendants object on lack of foundation and authentication grounds. Defendants also object on hearsay grounds. See FRE 802, 901, 1001-02. |
| December 1, 2022 emails between Williams and Roe | Vanguard_01_003763 | None. |
| Invoices from Vanguard to CSI (17 in total) | PLF_RFP_RES000279-95 | None. |
| CSI Vendor QuickReport | PLF_RFP_RES000366-68 | None. |
| August 5, 2022 from Goodson to LaJaunie and others | Vanguard_01_001564 | None. |
| Expert Report of Kory Langhofer | N/A | Defendants object on hearsay grounds. See FRE 802. Defendants also object on the grounds that any probative value of this evidence is substantially outweighed by the danger of confusing the issues and misleading the jury. |
| Expert Report of Richard MacLean | N/A | Defendants object on hearsay grounds. See FRE 802. Defendants also object |

11

| | | |
|---|---|---|
| | | on the grounds that any probative value of this evidence is substantially outweighed by the danger of confusing the issues and misleading the jury. |
| The Missouri Times, Feb. 11, 2018, ("Axiom Strategies Announces the Formation of Vanguard Field Strategies . . .") | PLF_CSI 005541-43 | Defendants object on relevance grounds or, in the alternative, on the ground that any probative value of this evidence is substantially outweighed by the danger of confusing the issues and misleading the jury. Defendants further object on lack of foundation and authentication grounds. Defendants also object on hearsay grounds. See FRE 401-03, 802, 901, 1001-02. |
| December 23 and 26, 2022 emails from Sam Castor to Scheid and others | PLF_CSI 003996 | None. |
| Assignment of All Rights and Interest | PLF_RFP_RES002826 | None. |
| Defendants' internal email chain "Subject: LOE Request: Community Schools Initiative, Petitions" | Vanguard_01_000496-501 | None. |
| June 21, 2022 emails between Schulte and MJ Stewart | PLF_CSI 004634-35 | None. |
| October 13-17, 2022 emails between Schulte and Williams | Vanguard_01_002048-51 | None. |
| January 2, 2023 emails between Williams, Phillips, Scheid, and others | Vanguard_01_003845-47 | None. |
| July 25, 2022 emails between Goodson, Scheid, and Romo | Vanguard_01_001295 | None. |
| October 18, 2022 emails between Williams, Scheid, and others | Vanguard_01_002113-14 | None. |
| November 12, 2022 emails between Klein, Scheid, and others | Vanguard_01_003044 | None. |
| June 17, 2022 email from Scheid | Vanguard_01_000747–53 | None. |
| October 5, 2022 emails between Perez and Schulte | Vanguard_01_002018 | None. |
| November 9-10, 2022 emails between LaJaunie, Schied, and others | Vanguard_01_002820 | None. |
| Virtual Meeting Agenda, October 10, 2022 | PLF_CSI008562 | None. |
| November 2022 emails from Tom Goodson | PLF_RFP_RES002644-46 | None. |

| | | |
|---|---|---|
| November 2, 2022 text message from Scheid to MJ Stewart | Vanguard_01_000049 | Defendants object on lack of foundation and authentication grounds. Defendants also object on hearsay grounds. See FRE 802, 901, 1001-02. |
| November 15, 2022 email from Williams to Scheid | Vanguard_01_003312 | None. |
| November 22, 2022 emails between Scheid, Goodson, and Williams | Vanguard_01_003546 | None. |
| November 22, 2022 emails between Scheid, Goodson, and Williams | Vanguard_01_003552-54 | None. |
| November 2022 emails from Jordan Brownstein to Scheid and others | Vanguard_01_002742-46, 2767-68 | None. |
| November-December 2022 text messages between Sam Castor and Scheid | PLF_RFP_RES000015-28 | Defendants object on lack of foundation and authentication grounds. Defendants object that any probative value of this evidence is substantially outweighed by the danger of confusing the issues and misleading the jury. Defendants also object on hearsay grounds. Defendants further object that this contains confidential settlement discussions. See FRE 408, 802, 901, 1001-02. |

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

13

## (2) Defendants' exhibits and Plaintiff's objections to them:

| Trial Exhibit No. | Beginning Bates No. | End Bates No. | Document Date | Document Title, Email Subject, or Description | Deposition Exhibit No. | Marked Confidential? | Plaintiff's Objections (if any) |
|---|---|---|---|---|---|---|---|
| | Vanguard_01_003637 | Vanguard_01_003639 | November 22, 2022 | Re: Community Schools Budget | Brownstein 14 | Y | Foundation, authentication, hearsay, relevance. Plaintiff also asserts its right to keep the confidential portions of this proposed exhibit as confidential as possible. |
| | PLF CSI 007333 | | November 19, 2022 | CS NV Update 11-18 | Brownstein 14 | N | None |
| | Vanguard_04_018930 | | December 13, 2022 | Fwd: Final Recap CS NV | Brownstein 22 | N | Foundation, authentication, hearsay. |
| | PLF_CSI 002886; PLF_CSI 008442 | PLF_CSI 002887; PLF_CSI 008444 | January 31, 2022 | Re: Fundraising | A. Castor 44 | Y | Relevance. Plaintiff also asserts its right to keep the confidential portions of this proposed exhibit as confidential as possible. |
| | Vanguard_04_020311 | Vanguard_04_020335 | April 30, 2024 | Contributions and Expenses Report, CSI | A. Castor 45 | N | Foundation, authentication, hearsay, relevance. |
| | Vanguard_01_003245 | Vanguard_01_003246 | November 14, 2022 | Community Schools Payroll | A. Klein 11 | N | Foundation, authentication, hearsay, relevance. |
| | Vanguard_01_001587 | Vanguard_01_001588 | August 5, 2022 | Re: NV: Petition Snapshot 8.5 | Lalaunie 15 | N | None |
| | PLF_RFP_RES000135 | | December 23, 2022 | Press release (CSI) | | N | None |
| | Vanguard_01_000633 | Vanguard_01_000634 | June 16, 2022 | Letter of Engagement | D. Stewart 1 | N | None |
| | Vanguard_01_000448 | Vanguard_01_000449 | January 28, 2022 | [Unexecuted] Letter of Engagement | D. Stewart 2 | N | None |
| | PLF_RFP_RES002826 | | January 11, 2023 | Assignment of All Rights and Interest | D. Stewart 4 | Y | None |
| | PLF_CSI 002011 | | June 10, 2022 | Re: castors | D. Stewart 12 | N | None |
| | Vanguard_01_001781 | | August 24, 2022 | Paolo - Meeting | D. Stewart 13 | N | None |
| | PLF_CSI 000779 | [No Bates, but printout from Dropbox link] | September 30, 2022 | Dan Stewart has shared a file with you using Dropbox | D. Stewart 10 | N | None |
| | PLRRFPRES000279 | PLFRFPRES000295 | January 21, 2022 - December 7, 2022 | Invoices (Vanguard to CSI) | D. Stewart 14 | N | None |
| | Vanguard_01_001757 | Vanguard_01_001758 | August 22, 2022 | NV: Petition Snapshot 8.22 | Lalaunie 17 | N | None |
| | PLRFPRES001158 | PLFRFPRES001159 | November 16, 2022 | Letter of Intent Between Community Schools Initiative and LexTecnica, LLC | D. Stewart 5 | N | None |
| | N/A | | April 23, 2024 | Contributions and Expenses Report, CSI | D. Stewart 9 | N | Relevance. |
| | PLFRFPRES000796 | PLFRFPRES000797 | January 3, 2023 | Re: FW: Weekly Financials CSI | D. Stewart 8 | N | None |
| | PLF_CSI 000787 | | September 22, 2022 | Subject: Subject shared with you: "CLARK COUNTY SCHOOL DISTRICT CSI WHITE PAPER.doc" | N/A | N | None |
| | PLF_CSI 000789 | | July 19, 2022 | Donation for CSI | ? | N | None |
| | PLF_RFP_RES000113 | | January 7, 2022 | Notice of Intent to Circulate | ? | N | None |
| | PLF_RFP_RES000114 | PLF_RFP_RES000123 | January 7, 2022 | The Community School Districts Initiative proposed initiative petition | ? | N | None |
| | PLF_RFP_RES000139 | PLF_RFP_RES000144 | ? | CSI promotional materials ("It's Time to Save Nevada's Broken School System") | ? | N | None |
| | PLF_RFP_RES000247 | PLF_RFP_RES000249 | ? | CSI FAQs | ? | N | None |
| | PLF_RFP_RES000323 | PLF_RFP_RES000039 | October 24, 2022 - February 13, 2023 | CSI P&L statements | ? | N | None |
| | PLF_RFP_RES000357 | | January 12, 2022 | Letter, RE: Statewide Statutory Initiative Petition - Identifier S-01-2022 | ? | N | None |
| | PLFCSI 000651 | PLFCSI 000652 | May 19, 2022 | Community Schools Initiative - Requested Donor Material | D. Stewart 20 | N | None |
| | PLF_RFP_RES000383 | PLF_RFP_RES000386 | September 14, 2022 | Call to Discuss CSI Budget | ? | N | None |
| | PLF_RFP_RES000518 | | January 9, 2023 | Weekly Financials CSI | ? | N | None |
| | PLF_RFP_RES000521 | PLF_RFP_RES000522 | April 2, 2022 | FW: Meeting with Jan Jones - Tomorrow | ? | N | None |
| | PLF_RFP_RES000532 | PLF_RFP_RES000535 | June 8, 2022 | Haas/Patrick Walsh - Community Schools Initiative | ? | N | None |
| | PLF_RFP_RES000591 | PLF_RFP_RES000594 | August 17, 2022 | Re: Action Items from 8/15 Board meeting | ? | N | None |
| | PLF_RFP_RES000993 | PLF_RFP_RES000997 | August 1, 2023 | Re: Remaining Balance in Community Schools Account | ? | N | None |
| | PLF_RFP_RES001066 | | November 15, 2022 | Re: Weekly Financials CSI | ? | N | None |
| | PLF_RFP_RES001073 | PLF_RFP_RES001075 | December 22, 2022 | Re: [External Sender] Following Up CSI vs. CIS | ? | N | None |
| | PLF_CSI 001023 | PLF_CSI 001024 | September 16, 2022 | A Message from Superintendent Jara | ? | N | Foundation, authentication, hearsay, relevance. |
| | PLFCSI 000899 | | June 8, 2022 | FW: Community Schools Initiative - Matching Funds | D. Stewart 11 | N | None |
| | Vanguard_01_001524 | | August 3, 2022 | RE: Potential Donors Names for meeting with Mayor Lee | M. Stewart 32 | N | None |
| | PLF_CSI 000914 | PLF_CSI 000918 | July 20, 2022 | FW: Community Schools Initiative question | ? | N | None |
| | PLF_CSI 004146 | | January 19, 2022 | RE: update | ? | N | None |
| | PLF_CSI 004361 | PLF_CSI 004364 | May 13, 2022 | Re: Vanguard: Gathering in CD2 | ? | N | None |
| | PLF_CSI 004315 | PLF_CSI 004316 | October 17, 2022 | Re: Update - Lisa's outreach to her donor list | ? | N | None |
| | PLF_CSI 001480 | | July 5, 2022 | Paolo Tiramani | ? | N | None |
| | PLF_RFP_RES000540 | | November 21, 2022 | Important info from our attorney B.Schrager about petition | ? | N | Attorney-client privilege. |

14

**(c) Electronic evidence:**

None.

**(d) Depositions:**

**(1) Plaintiff will offer the following depositions:**

The depositions (in their entirety) of all those deposed in this case may be offered solely for the purpose of impeaching witness testimony at trial, including, but not limited to, Tami Romo, Whitney LaJuanie, Joe Williams, Jordan Brownstein, Scott Scheid, Ashley Klein-Knight, Benjamin Overholt, Ph.D., and Tom Goodson. Plaintiff expressly objects to the use of deposition testimony in lieu of live testimony.

**(2) Defendants will offer the following depositions:**

At this time, Defendants understand that the relevant deponents are available for trial, and therefore, their deposition testimony will not be required in their absence due to their unavailability. If Defendants subsequently learn a witness will be unavailable before trial, then the parties will confer and, with respect to such witness, identify specific pages and lines of his or her deposition testimony will be promptly designated (to the extent a party choses to call said witness at trial), and any other objections or counter-designations will then be timely made in response. Defendants may offer deposition testimony for purpose of impeaching a live witness at trial.

**(e) Objections to depositions:**

**(1) Defendants object to Plaintiff's depositions as follows:**

None.

**(2) Plaintiff objects to Defendants' depositions as follow:**

Plaintiff has no objections to Defendants' depositions being used for purposes of impeachment. However, Plaintiff expressly objects to the use of deposition testimony in lieu of live testimony.

\\\

\\\

\\\

15

**VIII.    The following witnesses may be called by the parties at trial:**

(a) Plaintiff's witnesses:

       1.     Fed. R. Civ. P. 36(b) designee for Lex Tecnica, Ltd.
                 c/o Takos Law Group, Ltd.
                 10785 West Twain Avenue, Suite 224
                 Las Vegas, NV 89135

       2.     Fed. R. Civ. P. 36(b) designee for Community Schools Initiative
                 c/o Takos Law Group, Ltd.
                 10785 West Twain Avenue, Suite 224
                 Las Vegas, NV 89135

       3.     Councilman Dan Stewart
                 c/o Takos Law Group, Ltd.
                 10785 West Twain Avenue, Suite 224
                 Las Vegas, NV 89135

       4.     Mary Jane Stewart
                 c/o Takos Law Group, Ltd.
                 10785 West Twain Avenue, Suite 224
                 Las Vegas, NV 89135

       5.     Sam Castor
                 c/o Takos Law Group, Ltd.
                 10785 West Twain Avenue, Suite 224
                 Las Vegas, NV 89135

       6.     Bob Sweetin
                 c/o Takos Law Group, Ltd.
                 10785 West Twain Avenue, Suite 224
                 Las Vegas, NV 89135

       7.     Kory Langhofer
                 Statecraft PLLC
                 649 North Fourth Avenue, Suite B
                 Phoenix, AZ 85003

       8.     Richard MacLean
                 8515 Edna Avenue #220
                 Las Vegas, NV 89117

       9.     Annalise Castor
                 c/o Takos Law Group, Ltd.
                 10785 West Twain Avenue, Suite 224
                 Las Vegas, NV 89135

       10.   Mike Slanker
                 c/o Takos Law Group, Ltd.
                 10785 West Twain Avenue, Suite 224
                 Las Vegas, NV 89135

11.    Fed. R. Civ. P. 36(b) designee for Vanguard
       c/o Graves Garrett Greim LLC
       1100 Main St., Suite 2700
       Kansas City, MO 64105

12.    Fed. R. Civ. P. 36(b) designee for Axiom
       c/o Graves Garrett Greim LLC
       1100 Main St., Suite 2700
       Kansas City, MO 64105

13.    Jeff Roe
       c/o Graves Garrett Greim LLC
       1100 Main St., Suite 2700
       Kansas City, MO 64105

14.    Mark Wlaschin
       Deputy Secretary of State for Elections
       101 North Carson Street, Suite 3
       Carson City, NV 89701

15.    Any and all witnesses identified by any other party to this litigation.

**(b) Defendants' witnesses:**

1. Joe Williams, c/o Graves Garrett Greim LLC, 1100 Main St., Suite 2700, Kansas City, Missouri 64105.

2. Scott Scheid, c/o Graves Garrett Greim LLC, 1100 Main St., Suite 2700, Kansas City, Missouri 64105.

3. Tom Goodson, 5310 Lampasas St., Houston, Texas 77007.

4. Benjamin Overholt, 605 Saint Charles St., Moberly, Missouri 65270.

5. Tamara Romo. 4097 Nook Way, Unit D, Las Vegas, Nevada 89103.

6. Whitney LaJaunie, c/o Graves Garrett Greim LLC, 1100 Main St., Suite 2700, Kansas City, Missouri 64105.

7. Jazmin Overturf (Perez), c/o Graves Garrett Greim LLC, 1100 Main St., Suite 2700, Kansas City, Missouri 64105.

8. Ashley Kight (Klein), c/o Graves Garrett Greim LLC, 1100 Main St., Suite 2700, Kansas City, Missouri 64105.

9. Jordan Brownstein. Address TBD.

10. Any necessary rebuttal or impeachment witnesses.

17

11. Any witnesses identified by Plaintiff.

**IX.    The attorneys for the parties have met and jointly offer the following three dates for trial:**

The parties have agreed to attempt to settle this matter prior to trial through a private mediation. The date(s) of the mediation have not been set yet. However, the parties are hopeful that the mediation can take place in August 2025. Should the mediation take place in August, the parties would be generally available on the following dates for trial:

- October 27 – November 7, 2025
- November 10 – November 21, 2025
- January 19 – January 30, 2026

However, if the parties are not able to mediate in August, the mediation will likely not be able to take place until mid-October, which would cause the trial date to be continued until January 19, 2026 at the earliest.

It is expressly understood by the undersigned that the Court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the Court's calendar.

**X.    Time for trial:**

It is estimated that the trial will take a total of 7-10 days.

APPROVED AS TO FORM AND CONTENT:

DATED this 23rd day of June, 2025.

**Takos Law Group, Ltd.**


_____/s/ Zachary P. Takos_____
Zachary P. Takos, Esq., Nevada Bar No. 11293
10785 W. Twain Avenue, Suite 224
Las Vegas, Nevada 89135

*Counsel for Plaintiff*

DATED this 23rd day of June, 2025.

**Ashcraft & Barr LLP**
Jeffrey F. Barr, Esq., Nevada Bar No. 7269
8275 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123

**GRAVES GARRETT GREIM LLC**

_____/s/ J. Aaron Craig_____
A. Bradley Bodamer, Esq. (pro hac vice)
J. Aaron Craig, Esq. (pro hac vice)
Chandler Carr, Esq. (pro hac vice)
1100 Main Street, Suite 2700
Kansas City, MO 64105

*Counsel for Defendants*

1

## ACTION BY THE COURT

2    This case is set for a jury trial on the stacked calendar on <u>November 17, 2025</u> at <u>9:00 a.m.</u>

3    in LV Courtroom 6C. Calendar call will be held on <u>November 12, 2025</u> at <u>9:00 a.m.</u> in LV

4    Courtroom 6C. This pretrial order has been approved by the parties to this action as evidenced

5    by their signatures or the signatures of their attorneys hereon, and the order is hereby entered

6    and will govern the trial of this case. This order may not be amended except by court order

7    and based upon the parties' agreement or to prevent manifest injustice.

8

9

10    IT IS SO ORDERED:

11    Dated:  June 25, 2025

12    _____

13    ANDREW P. GORDON
      CHIEF UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19